UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 08-CR-10166-RGS

UNITED STATES OF AMERICA

v.

MATTHEW DAVIS

MEMORANDUM AND ORDER ON DEFENDANT'S MOTION
TO MODIFY SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)

July 6, 2012

STEARNS, D.J.

On April 9, 2009, defendant Matthew Davis pled guilty to a one-count indictment charging possession of cocaine base with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). On July 9, 2009, Davis was sentenced by the court to 84 months of imprisonment.

Davis now seeks a reduction in his sentence based on an amendment to the United States Sentencing Guidelines (U.S.S.G. Amendment 750) that took effect on November 1, 2011. In certain cases, a reduction is authorised by a limited grant of authority by Congress to retroactively revise a sentence. *See* 18 U.S.C. § 3582(c)(2). The U.S.S.G. Amendment 750 lowered the base offense levels for cocaine base (crack cocaine) offenses to reduce the disparity between guidelines ranges for crack and powder cocaine offenses. The government opposes Davis's motion.

Because Davis was over age 18 when he committed the instant offense, and had accumulated the two predicate convictions for crimes of violence, he fell under the career offender provisions of U.S.S.G. § 4B1.1.[1] U.S.S.G. Amendment 750 applies only to offenders sentenced under U.S.S.G. § 2D1.1. Consequently, Davis is ineligible for a reduction of his sentence.

## DISCUSSION

Section 3582(c)(2) of Title 18 states as follows.

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In implementing the Congressional mandate, the Sentencing Commission defined the circumstances in which a guidelines amendment may be applied retroactively. *See*

---

[1] Contrary to Davis's contention, ¶ 41 of the PSR recites far more than the bare pleading that "defendant 'did assault and beat' the victim." The PSR details the police incident report, including the fact that Davis in the presence of Boston police officers struck another student "above the left eye, tearing the skin and causing it to bleed heavily." Consequently, *United States v. Holloway*, 630 F.3d 252 (1st Cir. 2011), has no applicability.

U.S.S.G. § 1B1.10.[2]

The United States Supreme Court adopted the Commission's approach, mandating a two-step process for applying a retroactive guideline amendment. *See Dillon v. United States*, 130 S. Ct. 2683, 2688 (2010). At step one, the sentencing court is to follow the Commission's instructions in § 1B1.10 for determining a prisoner's eligibility for a sentence reduction. The court is to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the

---

[2] The version of U.S.S.G. § 1B1.10 applicable to this case took effect on November 1, 2011, and provides, in relevant part:

(1) In General. – In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

(2) Exclusions. – A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if – (A) none of the amendments listed in subsection (c) is applicable to the defendant; or (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation. – Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

3

amendment been in effect at the time of the initial sentencing. The court is to "substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). Consistent with the limited nature of a § 3582(c)(2) proceeding, the sentencing court may "not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" that results from the substitution. U.S.S.G. § 1B1.10(b)(2)(A). On these strictures, the Court was emphatic: "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon*, 130 S. Ct. at 2688. At step two, the court is to consider any applicable § 3553(a) factors and then exercise its discretion in determining whether the reduction authorized by step one is warranted in whole or in part in the case of previously sentenced defendant. *Id.* at 2691-2692.

Because Davis was classified as a career offender, *see* U.S.S.G. § 4B1.1, and not sentenced under the crack cocaine guideline, U.S.S.G. § 2D1.1, his base offense level of 32 was unaffected by U.S.S.G. Amendment 750.[3] Thus, a reduction in

---

[3] I have, as indicated in footnote 1, reviewed the PSR. It confirms that the operative sentencing guideline in Davis's case was § 4B1.1. See PSR ¶ 30. It should also be noted that the court's sentence of 84 months represented a substantial departure downwards from the applicable advisory guidelines range of 151-188 months.

sentence is not authorized. *See United States v. Curet,* 670 F.3d 296, 309 (1st Cir. 2012) ("While the amendments to the guidelines are retroactive, they are of no help to [the defendant] because he is a career offender.").

## ORDER

For the foregoing reasons, Davis's motion to modify his sentence pursuant to 18 U.S.C. § 3582(c)(2) is <u>DENIED</u>.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE